## M. V. PHIPPS v. THE STATE.

### *No. 738.   Decided June 15.*

1. **Murder—Self-Defense—Apparent Danger—Charge.**—On a trial for murder, where the court's charge makes the defendant's right of self-defense depend on an actual attack made on defendant by deceased, and the evidence indicates not an actual attack, but a preparation for an attack, *Held,* error. The law of self-defense does not require the defendant to wait until an actual assault is made; he may act promptly upon reasonable appearances of danger.

2. **Same—Right of Defense of Another—Charge as to.**—On a trial for murder, where the court's charge confines the attack against which defendant would have

the right to defend to be one directed against defendant, and the evidence fails to show that deceased ever saw the defendant, but that his attack, if any, was about to be made on defendant's son, *Held*, it was error for the court to fail to instruct the jury that defendant would have the same right to strike in defense of his son as he would in defense of himself.

3. Same—Charge—Principal.—On a trial for murder, where the court as to the law of principals charged the jury, in effect, "If you believe the defendant P. either alone or acting with T. P., as charged in the indictment, did certain acts, then he would be guilty of the offense," etc.; *Held*, it was error for the court to fail in this connection to instruct the jury, affirmatively, that if T. P. killed the deceased, and defendant at the time did no act or uttered no word in aid or encouragement of said T. P., then he would not be guilty of any offense.

4. Evidence After Argument is Commenced—Impeachment of Witness—Construction of Statute.—In construing article 661, Code of Criminal Procedure, authorizing the introduction of testimony at any time before the argument of the cause is concluded, the courts have not been inclined to extend the rule beyond proof of some omitted fact, which appears necessary to a due administration of justice; but if said rule can be extended so as to embrace the impeachment of a witness, by the introduction of evidence for that purpose, after the argument has commenced, such impeaching evidence must be competent, and not hearsay, and must be as to the statement of some fact by the witness, and not as to his opinion or what he "reckoned" about a matter.

APPEAL from the District Court of Jack.    Tried below before Hon. J. W. PATTERSON.

M. V. Phipps was convicted of murder in the second degree, and punishment assessed at five years in the penitentiary.    This is a companion case to Tom Phipps v. The State, ante, p. 560.    The facts in that case are substantially the same as in this, and the opinion in that case states substantially all the material facts.

*Jones & Gilliland, Stark & Stark,* and *W. E. Taylor,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was convicted of murder of the second degree, and his punishment assessed at five years in the State penitentiary, and from the judgment of the lower court he prosecutes this appeal.    This conviction was for the killing of Mark Luttrell, and is the same transaction for which Tom Phipps was tried and convicted, and his case reversed at the present term of this court.    Phipps v. The State, ante, p. 560.    The facts in this case are substantially the same as those in the said case of Phipps, to which reference is here made, except that Tom Phipps did not testify in this case.    Jim Phipps is the only witness in this case who testifies that he saw the shooting, and his testimony shows that two shots were fired, and both of these were fired by Tom Phipps.    He did not see M. V. Phipps at the time.    No witness testifies to seeing M. V. Phipps during the difficulty which resulted in the homicide.    One witness only testified to seeing M. V. Phipps a short time before the shooting, and that

was just as deceased stepped in the store door. Then a number of persons who were in the store, and who were witnesses in the case, ran out, and this witness testifies, that at that time M. V. Phipps was sitting behind the stove. Said stove was in the middle of the store-room, about eight feet from the front door, where deceased stepped in, and, according to this witness, was not in view of the deceased in the door. The record in this case fails to show that M. V. Phipps said or did anything during the difficulty.

The court charged on murder in the first degree, second degree, manslaughter, and self-defense. The charge on self-defense is substantially the same as given in the Tom Phipps case, and is as follows: "If, from the evidence, you believe the defendant killed the said Mark Luttrell, but further believe, that at the time of so doing the deceased had made an attack on him which, from the manner and character of it, and the relative strength of the parties, and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such expectation or fear the defendant killed the deceased, then you should acquit him." It will be observed that this charge contains the same vice pointed out in the Tom Phipps case, to wit, the charge in question makes his right of self-defense depend on an actual attack made on the defendant by deceased, when the evidence indicates not an attack, but rather a preparation for such attack, that is, that the deceased was then about to undertake an attack or assault on the defendant; and in such case, as said in the case before alluded to, we do not understand that the law of self-defense would require of the defendant to wait until the actual assault should be made. And furthermore, said charge confines the attack against which defendant would have the right to defend to be directed on himself, whereas the evidence in this case does not show that the deceased ever saw M. V. Phipps, the defendant, who, as before remarked, was, as the witnesses testify, then sitting behind the stove, and if any attack was then being made, or about to be made, it was upon Tom Phipps, the son of the defendant; and it is a well-recognized principle of law that the defendant, under such circumstances, would have the same right to act in defense of his son that he would have to act in his own defense. While this is an obvious principle of law, yet we have searched in vain through the record in this case for any charge of the court that instructed the jury that the defendant would have the same right to strike in defense of his son as he would in order to defend himself.

The charge of the court instructs the jury who are principals, and throughout, on behalf of the State, in instructing the jury as to each grade of the offense, the jury are told, if you believe that M. V. Phipps, either alone or acting with Tom Phipps, as charged in the indictment, did certain acts, then he would be guilty of the offense, etc.; but nowhere in the charge of the court are the jury instructed affirma-

tively if Tom Phipps killed the deceased, and the defendant then did no act or uttered no word in aid or encouragement of said Tom Phipps, then he would not be guilty of any offense. Inasmuch as the evidence in this case, as before stated, fails to show that M. V. Phipps did any act in aid of said homicide at the time, such a charge was pertinent and was called for, and should have been given by the court in an affirmative and substantive manner.

The State was permitted, over the objections of defendant, after the evidence had closed and the first argument was made for the State, to recall the witness Jim Phipps for the purpose of laying a predicate for his contradiction. The witness was asked if he did not tell one John Hensley, at John Tinkle's place, on the Sunday after the killing, that Mark Luttrell had been going to his father's store and cursing the defendant, and that he (the witness) "reckoned" that his father killed him; that the defendant raised up from behind the stove and shot Mark Luttrell. The defense objected to this, because the evidence was closed and the witnesses had been discharged from the rule, and said testimony was immaterial and hearsay, and was not ground for impeachment of said witness. The court, in his explanation of the bill, says that the counsel for the State informed the court that they did not know of the testimony of Hensley until after the evidence was closed, and did not learn of it until after one of the attorneys for the defendant had argued the case, etc. The statute on this subject (Code of Criminal Procedure, article 661) authorizes the introduction of testimony at any time before the argument of the cause is concluded, if it appear that it is necessary to a due administration of justice. In construing this article, the courts have not been inclined to extend such testimony beyond the proof of some omitted fact in the case that appeared to be necessary to a due administration of justice, but conceding that the court was authorized to introduce evidence impeaching a witness at this stage of the case, in our opinion, the witness could not be impeached upon this character of testimony. It was not the statement of any fact by the witness, but what he "reckoned" about it; that is, his opinion, and it was not competent to impeach him upon this hearsay testimony.

Other errors are insisted on by appellant, but it is not deemed necessary to notice them, as they are of a character not likely to occur again on another trial of this case; but, for the errors pointed out, the judgment in this case is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.